58

In the Matter of SEYMOUR FENICHEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 21, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Seymour Fenichel was admitted to the practice of law in the State of New York by the Appellate Division, Second Judicial Department, on March 30, 1960. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On June 19, 1989, respondent was charged in an indictment filed in the Supreme Court of the State of New York, New York County, with six counts of scheming to defraud in the first degree, in violation of Penal Law § 190.65; 19 counts of grand larceny in the second degree, in violation of Penal Law § 155.40; nine counts of grand larceny in the third degree, in violation of Penal Law § 155.35; one count of grand larceny in the fourth degree, in violation of Penal Law § 155.30; 47 counts of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35; eight counts of perjury in the second degree, in violation of Penal Law § 210.10; 14 counts of making an apparently sworn false statement in the first degree, in violation of Penal Law § 210.40; and one count of conspiracy in the fifth degree, in violation of Penal Law § 105.05. Respondent pleaded guilty on or about February 14, 1990 to one count of grand larceny in the second degree and one count of offering a false instrument for filing in the first degree, and, on or about May 4, 1990, he was sentenced to five years' probation and 2,000 hours of community service.

By notice of petition dated October 30, 1990, the Departmental Disciplinary Committee moved for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys as a result of his felony convictions. According to section 90 (4) (a) of the Judiciary Law, any lawyer convicted of a felony as defined in paragraph (e) of that subdivision automatically ceases to be an attorney and counselor-at-law upon such conviction. Since respondent herein was convicted of a class C (grand larceny in the second degree) and a class E (offering a false instrument for filing) felony, he ceased to be an attorney competent to practice law in New York State by operation of law (see also, Judiciary Law § 90 [4] [e]). Accordingly, the application by the Departmental Disciplinary Committee should be granted and respondent's name stricken from the roll of attorneys.

Petition granted and respondent's name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

CARRO, J. P., MILONAS, ELLERIN, KUPFERMAN and RUBIN, JJ., concur.

Respondent's name is ordered struck from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.